UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
FILED ELECTRONICALLY

CIVIL ACTION NO. 1:19-cv-129-GNS

UNITED STATES OF AMERICA,                                          PLAINTIFF

vs.

TERRY W. POTEET                                                    DEFENDANT
910 Poplar Springs Road
Brownsville, KY 42210-8911

## COMPLAINT

Plaintiff, the United States of America, by counsel, states as follows for its Complaint:

1.      This is an action to collect a debt owed to the United States of America through its agency, the United States Department of Agriculture, Farm Service Agency ("FSA").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      On January 22, 2008, Defendant **Terry W. Poteet**, and wife who was then living Judy P. Poteet (not a defendant herein), executed and delivered to FSA two Promissory Notes in the principal amounts of $100,000.00 (Loan 44-01) and $80,000.00 (Loan 44-02).  Copies of the Promissory Notes are attached as **Exhibit A** and incorporated by reference as though set forth fully herein.

4.      To secure repayment of the Promissory Notes described in paragraph 3, Defendant **Terry W. Poteet** and Judy P. Poteet executed and delivered to FSA a Security Agreement on January 22, 2008 (the "2008 Security Agreement").  Through the 2008 Security Agreement, Defendant **Terry W. Poteet** and Judy P. Poteet granted FSA security interests in

crops; all farm and other equipment; all livestock and all accounts as further defined in the Security Agreement, including increases, replacements, substitutions, etc. (hereinafter the "Collateral").  A copy of the 2008 Security Agreement between the Borrower and FSA is attached as **Exhibit B** and is incorporated by reference as if set forth fully herein.

5.      To perfect its security interest in the Collateral described in the 2008 Security Agreement, FSA filed a UCC Financing Statement (2008-2294313-94) with the Kentucky Secretary of State on January 17, 2008.  Continuation statements were filed on July 31, 2012 and July 19, 2017.  Copies of these UCC filings are attached as **Exhibit C**.

6.      On July 17, 2009, the Defendant **Terry W. Poteet** and Judy P. Poteet executed and delivered to FSA two Promissory Notes: one in the principal amount of $46,000 plus interest (Loan 44-04) and the other in the principal amount of $183,519.33, plus interest (Loan 44-06). A copy of the 2009 Promissory Notes are attached as **Exhibit D**.  Loan 44-06 consolidated the Promissory Notes executed in 2008 by the Poteets and further described in Paragraph 3 of this Complaint.

7.      To secure repayment of the Promissory Notes for Loans 44-04 and 44-06, Defendant **Terry W. Poteet** and Judy P. Poteet executed and delivered to FSA a Security Agreement dated July 17, 2009 ("the 2009 Security Agreement").  Through the 2009 Security Agreement, Defendant **Terry W. Poteet** and Judy P. Poteet granted to Plaintiff additional security interests in the Collateral, including interests in crops; all farm and other equipment; all livestock and all accounts as further defined in the Security Agreement, including increases, replacements, substitutions, etc.  A copy of the 2009 Security Agreement is attached as **Exhibit E**.

2

8.      Plaintiff's 2009 security interests were perfected by the filing of a financing statement (2009-2399384-89) in the Office of the Kentucky Secretary of State on January 17, 2008.  An amendment was filed on December 16, 2010 releasing and/or deleting certain enumerated equipment.  Continuation statements were filed on May 6, 2014 and May 8, 2019. Copies of these UCC filings are attached as **Exhibit F**.

9.      **Terry W. Poteet** and Judy P. Poteet were divorced by Decree entered in Edmonson Circuit Court, Division II-Family Court (Case Number 14-CI-11).

10.     Judy P. Poteet passed away on February 23, 2016.  A review of court records does not show that any Probate action has been filed following her death.

11.     Defendant **Terry W. Poteet** (hereinafter "the Borrower") has failed to make the principal and interest payments due in accordance with the terms and conditions of the Promissory Notes and the 2008 and 2009 Security Agreements, and is in default.

12.     Pursuant to the terms of the Security Agreements, if the Borrower defaults on the underlying Promissory Notes, then FSA, at its option, may enter onto premises and take possession of the Collateral and exercise any sale or other rights afforded to FSA. Furthermore, by executing the Security Agreements, Borrower agreed to assemble the Collateral and make it available to FSA upon default.  The Security Agreements also permit the United States to recover all costs associated with the preservation and protection of the Collateral and to deduct all costs incurred during the collection and disposition of the Collateral from the sale proceeds.

13.     The Borrower is obligated to pay the United States under the Promissory Notes and the Borrower has defaulted under the terms of the Promissory Notes and Security Agreements by failing to make payments when due.

14.     As a result of Borrower's default, FSA has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable. Further, FSA sent notice to the Borrower of the default and acceleration of the loan.

## COUNT ONE: MONEY JUDGMENT

15.     Paragraphs 1 through 14 are incorporated by reference as though set forth fully herein.

16.     The unpaid principal balance of the Promissory Notes as of August 21, 2019 is as follows:

| Fund Code - Loan Number - Loan Type | Original (Restructured) Closing Date | Loan Term | Unpaid Principal Amount | Date of Last Payment | Annual Installment Amount |
|---|---|---|---|---|---|
| | Original (Restructured) Loan Amount | Interest Rate | Unpaid Int Amount | | Current Total Status |
| 44-04-OL | 07-17-2009 | 7 | $7,492.11 | 05-31-2018 | $7,211.00 |
| FM | $46,000.00 | 2.375% | $217.92 | | $6,905.00 B |
| 44-06-OL | 07-17-2009 | 15 | $178,290.11 | 04-03-2017 | $14,551.00 |
| | $183,519.33 | 2.250% | $29,908.63 | | $129,423.90 B |
| Totals | | | $185,782.22 | | $21,762.00 |
| | | | $30,126.60 | | |

17.     Interest is accruing on the unpaid principal balance at the rate of $0.4875 per day as to loan 44-04, and $10.9905 per day as to loan 44-06.

## COUNT TWO: ENFORCEMENT AGAINST COLLATERAL

18.     Paragraphs 1 through 17 are incorporated by reference as though set forth fully herein.

19.     Due to Borrower's default on the Promissory Notes and Security Agreements, the United States is entitled to all the remedies provided under the Security Agreements, including, without limitation, (a) enforcement of all rights against the Collateral as set forth in Kentucky's

Uniform Commercial Code; (b) requiring the Borrower to assemble and make the Collateral available at a location determined by FSA; (c) selling the Collateral at a private or public sale; and (d) allowing the United States to enter any premises where the Collateral is located to take possession of, take control of, and remove the Collateral.  The United States is also entitled to enforce its security interest in the Collateral and sell the Collateral to satisfy any judgment entered in favor of the United States.

20.      The Collateral subject to FSA's perfected security interest includes all Livestock, produced or used or for commercial purposes, now owned or hereafter acquired by the Borrower, together with all increases, replacements, substitutions, and additions thereto, located in the State of Kentucky, including but not limited to 14 Cattle – Beef Breeding Cows – 1100 lbs.

21.      The Collateral subject to FSA's perfected security interest also includes farm and other equipment, used or produced for commercial purposes, now owned or hereafter acquired by the Borrower, together with all replacements, substitutions, additions and accessions thereto, located in the State of Kentucky, including but not limited to:

| Item | Quantity | Description | Manufacturer | Size and Type | Condition | Year Manufacture | Serial Number |
|------|----------|-------------|--------------|---------------|-----------|------------------|---------------|
| 1 | 1 | Tractor | McCormick | MC100 | Good | | JJE2021513j |
| 2 | 1 | Loader | Quicke | Q940 | Good | | 7126541 |
| 3 | 1 | Mixer Wagon | Jaylor | 4425 | Good | | T-14422756-K |
| 4 | 1 | Tractor | Case IH | MX 120 | Poor | | JKA0109400 |
| 5 | 1 | Trailer | Gooseneck | 20' | Good | 1994 | 16GSH6D20RB 047266 |
| 6 | 1 | Rotary Mower | Woods | 9580 | Good | | 824003 |
| 7 | 1 | Disc | Panorama | 24' | Good | | |
| 8 | 1 | Rake | Vermeer | WRX12 | Good | | 1VRV30215630 |

| Item | Quantity | Description | Manufacturer | Size and Type | Condition | Year Manufacture | Serial Number |
|------|----------|-------------|--------------|---------------|-----------|------------------|---------------|
|      |          |             |              |               |           |                  | 00537 |
| 9    | 1        | Utility Vehicle | Kubota   | RTV900        | Poor      |                  | 31208 |
| 10   | 1        | Trailer     | Oklahoma     | 24'           | Good      |                  | 4Y4GF242WCO 00494 |
| 11   | 1        | Loader      | Case/IH      | L605          |           |                  | CAE0003281 |

WHEREFORE, Plaintiff, the United States of America, on behalf of the United States Department of Agriculture, Farm Service Agency, demands:

a.      Judgment against the Borrower/Defendant **Terry W. Poteet** in the principal amount of $185,782.22 with interest accrued thereon of $30,126.60 through August 21, 2019. Interest is continuing to accrue as stated herein, until entry of judgment herein and thereafter according to law, plus costs, disbursements, and expenses;

b.      Judgment against the interests of the Defendant **Terry W. Poteet** in the livestock and equipment in the principal amount of $185,782.22 with interest accrued thereon of $29,942.95 through August 6, 2019.  Interest is continuing to accrue as stated herein, until entry of judgment herein and thereafter according to law, plus costs, disbursements, and expenses;

c.      That the Defendant **Terry W. Poteet** be required to assemble all livestock and equipment, plus any additions, replacements or substitutions and deliver these items to FSA at a time as directed by FSA for the purpose of the sale of said property by FSA pursuant to the terms and conditions of its Security Agreements;

d.      Or, in the alternative, that the United States Marshal be directed to take possession of the livestock or equipment and deliver the same to FSA for the purposes of the sale of said property by FSA;

e.     That all proceeds from the sales be applied in accordance with the orders of this court; and

f.     Any and all other relief to which the plaintiff may appear entitled.

UNITED STATES OF AMERICA

RUSSELL COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Assistant U.S. Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 625-7110-fax
bill.campbell@usdoj.gov

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET   1:19-cv-129-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

TERRY W. POTEET

County of Residence of First Listed Defendant   EDMONSON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☑ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
FARM SERVICE AGENCY (FSA) CONTRACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $215,908.82

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
9/26/2019

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

RESCHEDULED
07-17-09

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

FSA-2026
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

**PROMISSORY NOTE**

| 1. Name | 2. State | 3. County |
|---|---|---|
| POTEET, TERRY W. & JUDY P. | KENTUCKY | EDMONSON |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 20-31-███ | 44 | 01 | JANUARY 22, 2008 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| OL-Reg(Ex Yth)- 1YR | ☑ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Subsequent loan  ☐ Rescheduling  ☐ Debt write down<br>☐ Consolidation  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) BOWLING GREEN, KY or at such other place as the Government may later designate in writing the principal sum of (b) ONE HUNDRED THOUSAND AND NO/100'S----------------------------------------- dollars (c) ($ 100,000.00 ), plus interest on the unpaid principal balance at the RATE of (d) FOUR AND THREE-EIGHTHS------------------------------ percent (e) 4.375 %) per annum.

If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) 01 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 104,136.00 | 01/01/2009 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $ 0.00 thereafter on the (e) JANUARY 1ST of each (f) YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) 01 years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial TWP  Date 1-22-08
JPP  1-22-08

**EXHIBIT A**

FSA-2026 (12-31-07)                                                                                          Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE *(include year)* | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _TWP_ _JPP_      Date _1-22-08_
_1-22-08_

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


TERRY W. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210


JUDY P. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210

FSA-2026 (12-31-07)                                                                                          Page 4 of 4

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ 20,000.00 | 01-25-08 | (8) $ | | (15) $ | |
| (2) $ 7,000.00 | 02-11-08 | (9) $ | | (16) $ | |
| (3) $ 10,000.00 | 03-28-08 | (10) $ | | (17) $ | |
| (4) $ 15,000.00 | 05-23-08 | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ | |

**NOTE:** *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _____   Date 1-22-08

1-22-08

RESCHEDULED
07-17-09

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

FSA-2026
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name<br>POTEET, TERRY W. & JUDY P. | 2. State<br>KENTUCKY | 3. County<br>EDMONSON |
|---|---|---|

| 4. Case Number<br>20-31-████ | 5. Fund Code<br>44 | 6. Loan Number<br>02 | 7. Date<br>JANUARY 22, 2008 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br><br>OL-Reg(Ex Yth) - 7YR | 9. ACTION REQUIRING PROMISSORY NOTE:<br><br>☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☑ Subsequent loan  ☐ Rescheduling  ☐ Debt write down<br>☐ Consolidation  ☐ Reamortization |
|---|---|

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) BOWLING GREEN, KY _____ or at such other place as the Government may later

designate in writing, the principal sum of (b) EIGHTY THOUSAND AND NO/100'S--------------------------------
----------------- dollars (c) ($ 80,000.00-------------- , plus interest on the unpaid principal balance at the

RATE of (d) FOUR AND THREE-EIGHTHS--------------------------------- percent (e) ___4.375___ %) per annum.

If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) _____07_____ installments as indicated below, except as modified by a different

rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 13,515.00 | 01/01/2009 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $ __13,515.00__ thereafter on the (e) JANUARY 1ST of each (f) YEAR _____ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) __07__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of program discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _TWP_        Date _1-22-08_
_J.P.P._                    _1-22-08_

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE *(include year)* | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial *T.W.P.*
*J.P.P.*

Date *1-22-08*
*1-22-08*

FSA-2026 (12-31-07)                                                                                    Page 3 of 4

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

TERRY W. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210

JUDY P. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210

FSA-2026 (12-31-07)                                                                                      Page 4 of 4

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ 100.00 | 01-25-08 | (8) $ | | (15) $ | |
| (2) $ 32,500.00 | 04-11-08 | (9) $ | | (16) $ | |
| (3) $ 22,500.00 | 04-22-08 | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ 55,100.00 | |

**NOTE:** *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _J.W.P_        Date _1-22-08_
_J.P.P_                     _1-22-08_

Position I

**FSA-440-4A**
(08-31-04)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Form Approved - OMB No. 0560-0162

## SECURITY AGREEMENT
### (CHATTELS AND CROPS)

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. This form is used to record crops, equipment, fixtures, livestock taken as security for the loan. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0162. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

1. **THIS SECURITY AGREEMENT,** dated *(a)* ___January 22___, *(b)* __2008__ is made between the United States of America acting through the Farm Service Agency (called Secured Party) and *(c)* ___TERRY W POTEET___

and *(d)* ___JUDY P POTEET___ (called Debtor), whose mailing address is

*(e)* ___1509 BEAVER DAM CHURCH RD, BROWNSVILLE, KY 42210-8502___.

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farm Service Agency and

It is the purpose and intent of this instrument that this instrument shall secure prompt payment of the note and the timely performance of all obligations and covenants contained in this instrument; and

**NOW THEREFORE,** in consideration of said loan(s) and (a) to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farm Service Agency all with interest, (b) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this instrument, and (c) the timely performance of every covenant and agreement of Debtor contained in this instrument or in any supplementary agreement:

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (hereinafter referred to as "collateral"); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this instrument and the Secured Party's interest therein:

Initial _____ date _1-22-08_
_1-22-08_

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W Whitten Building, 1400 Independence Avenue, SW Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**EXHIBIT B**

FSA-440-4A    (08-31-04)                                                                    (Page 2 of 6)

A. All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or
harvested or which are planted after this instrument is signed or otherwise become growing or harvested crops or
other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at
any time after this instrument is signed if no fixed maximum period is prescribed by State law, including the crops and
plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm(s) or Other Real Estate *Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| Terry and Judy Poteet | 193 | EDMONSON, KY | 5 Miles Southeast of Brownsville |
| Terry and Judy Poteet | 82 | EDMONSON, KY | 5 Miles Southeast of Brownsville |
| 2016 Wayne Graham | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 2326 Kerry Browning | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 2772 Mildred Bryant | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3817 New Grove Limited | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3487 Ronnie L Bledsoe | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3827 Benton Cowles | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3476 Kenneth Bledsoe | | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3158 Carl Lindsey | | EDMONSON, KY | 5 Miles SW of Brownsville |

Including all entitlements, benefits, and payments from all state and federal farm programs; all crop indemnity
payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all
peanut and tobacco poundage allotments and quotas existing on or leased and transferred or to be leased and
transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer
by the Debtor to any subsequent party;

**\*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.**

Initial *TWP* date *1-22-08*
*TPD*  *1-22-08*

**FSA-440-4A**   (08-31-04)                                                                          (Page 3 of 6)

    **B.**  All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of ___Kentucky___ :

| (1) Line No. | (2) Quantity | (3) Kind | (4) Manufacturer | (5) Size and Type | (6) Condition | (7) Year of manufacture | (8) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

(9) Including the following described fixtures which are affixed or are to be affixed to real estate; as-extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows *(include legal description of the land)*:

Initial *T.W.P.*  date *1-22-08*
*J.P.D.*  *1-22-08*

FSA-440-4A   (08-31-04)                                                                    (Page 4 of 6)

   **C.** All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) ____Kentucky____ :

| (1) Line No. | (2) Quantity | (3) Kind-sex | (4) Breed | (5) Color | (6) Weight, average weight | (7) Age or age range | (8) Brands or other identification |
|---|---|---|---|---|---|---|---|
| 1 | 6 | Cattle - Beef - Breeding Bulls - 1500 lbs | Angus | Black | | 3-5 | |
| 2 | 113 | Cattle - Beef - Breeding Cows - 1000 lbs. | Mixed | Mixed | | 2-10 | |
| 3 | 3 | Cattle - Beef - Breeding Bulls - 1200 lbs. To be purchased | Balck | Angus | | 2 | |
| 4 | 80 | Cattle - Beef - Breeding Cows - 1000 lbs. To be Purchased | Mixed | Mixed | | 3-6 | |

Initial _JWP_ date _1-22-08_
      _TPP_       _1-22-08_

FSA-440-4A    (08-31-04)                                                                                (Page 5 of 6)

    **D.** All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including, but not limited to the following:

All Federal Subsidy Entitlements in whatever form and from whatever source derived
 including but not limited to all FSA, CCC, Dairy Termination, FCIC Insurance, PIK
 Commodity Certificate, and set off proceeds.

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

    **A.** Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, Farm Plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

    **B.** Statements contained in Debtor's loan application(s) and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this instrument, is Debtor's complete legal name; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party, (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this instrument, and (8) maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

    **C.** Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured by this instrument, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or later required by regulations of the Farm Service Agency.

    **D.** Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

    **E.** Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this instrument; change that may affect this security interest or its perfection; and any event of default.

    **F.** Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

    **G.** All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured by this instrument. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

    **H.** In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require, and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _V.W.P_  date _1-22-08_
_TPP_      _1-22-08_

FSA-440-4A    (08-31-04)                                                          (Page 6 of 6)

**4. IT IS FURTHER AGREED THAT:**

    **A.**  Until default Debtor may retain possession of the collateral.

    **B.**  Default shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this instrument or to observe or perform any covenants or agreements in this instrument or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor.  Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR part 1940, Subpart G, Exhibit M.  Upon any such default:

        *(1)* Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the note and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and harvest crops, take possession of , repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law.  Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral.

        *(2)* Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory disposition and redemption rights.

        *(3)* A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property.  Likewise, default under such other security instrument shall constitute default under this instrument.

    **C.**  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Farm Service Agency, third to the satisfaction of indebtedness secured by this instrument, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any other obligations of Debtor owing to Secured Party, and sixth to Debtor.  Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies.  Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

    **D.**  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this instrument, no collateral covered by this instrument is or shall become realty or accessioned to other goods.

    **E.**  Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws.  Debtor expressly waives the benefit of any such State laws.

    **F.**  Secured Party may comply with any applicable state or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

    **G.**  This instrument is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this instrument.

    **H.**  If any provision of this instrument is held invalid or unenforceable, it shall not affect any other provisions, but this instrument shall be construed as if it had never contained such invalid or unenforceable provision.

    **I.**  The rights and privileges of Secured Party under this instrument shall accrue to the benefit of its successors and assigns.  All covenants, warranties, representations, and agreements of Debtor contained in this instrument are joint and several and shall bind personal representatives, heirs, successors, and assigns.

    **J.**  If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured by this instrument and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

    **K.**  SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

    **L.**  Failure by the Secured Party to exercise any right-whether once or often-shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition.  Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

5. _____ 1-22-08 (SEAL)          _____ 1-22-08 (SEAL)
   *(TERRY W POTEET)*        *(Date)*       *(JUDY P POTEET)*       *(Date)*

## Revised Article 9 UCC Search

## UCC Search Results

| File amendment to this UCC | | Return to search form | |

**File number:** 2008-2294313-94
**Filing date:** 1/17/2008 3:45:01 PM
**Lapse date:** 1/17/2023 3:45:01 PM
**Status:** A - Active

## ACTIONS

| Action | File Date | Status |
|---|---|---|
| Continuation | 7/19/2017 10:48:10 AM | Active - Filed online Sec party of record - USDA, Farm Service Agency |
| Continuation | 7/31/2012 2:16:54 PM | Active - Filed online Sec party of record - Terry W. Poteet |
| Initial financing Statement | 1/17/2008 3:45:01 PM | Active - Filed online |

## NAMES

| Debtor/Secured Party/Filer | Date Added | Address |
|---|---|---|
| Debtor Terry W. Poteet | 1/17/2008 3:45:01 PM | 1509 Beaver Dam Church Rd. Brownsville KY 42210 |
| Debtor Judy P. Poteet | 1/17/2008 3:45:01 PM | 1509 Beaver Dam Church Rd. Brownsville KY 42210 |
| Secured Party USDA, Farm Service Agency | 1/17/2008 3:45:01 PM | 925 Lovers Lane Bowling Green KY 42103-7140 |
| Filer USDA, Farm Service Agency | 1/17/2008 3:45:01 PM | 925 Lovers Lane Bowling Green KY 42103-7140 |
| Filer USDA, Farm Service Agency | 7/31/2012 2:16:54 PM | 925 Lovers Lane Bowling Green KY 42103-7140 |
| Filer USDA, Farm Service Agency | 7/19/2017 10:48:10 AM | 925 Lovers Lane Bowling Green KY 42103-7140 |

## COLLATERAL DESCRIPTION

| Date Filed | Collateral Description |
|---|---|
| 1/17/2008 3:45:01 PM | This financing statement covers the following types or items of collateral, including proceeds, and products thereof: all livestock and 2008 crops. |

## IMAGES

**EXHIBIT C**        7/25/2019

| Document Type | PDF | Tiff Image | File Date | Pages |
|---|---|---|---|---|
| UCC Filing - Continuation | PDF | | 7/19/2017 10:48:10 AM | 1 |
| UCC Filing - Continuation | PDF | | 7/31/2012 2:16:54 PM | 1 |

Form Approved - OMB No. 0560-0237

This form is available electronically.                    (See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| POTEET, TERRY W. & JUDY P. | KENTUCKY | EDMONSON |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 20-31-▮ | 44 | 04 | JULY 17, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| OL-REG-7 YR | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☑ Subsequent loan  ☐ Rescheduling  ☐ Debt write down<br>☐ Consolidation  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a) BOWLING GREEN, KY                     or at such other place as the Government may later

designate in writing, the principal sum of (b) FORTY-SIX THOUSAND AND NO/100'S-------------------------------

--------------------------------------------- dollars (c) ($ 46,000.00---------------, plus interest on

the unpaid principal balance at the **RATE** of (d) TWO AND THREE-EIGHTHS-----------------------------------

percent (e) 2.375 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a) 07                     installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 7,211.00 | 07/01/2010 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and (d) $ 7,211.00                     thereafter on the (e) JULY 1ST                     of each (f) YEAR                     until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g) 07                     years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _TWP_     Date _7-17-09_
_JPP_                  _7-17-09_

**EXHIBIT D**

FSA-2026 (12-31-07)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _TWP_     Date _7-17-09_
      _JPP_            _7-17-09_

FSA-2026 (12-31-07)                                                                                      Page 3 of 4

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.


TERRY W. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210


JUDY P. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210

FSA-2026 (12-31-07)

## 24. RECORD OF ADVANCES

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ 46000.00 | 7-22-09 | (8) $ | | (15) $ | . |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | C. TOTAL: $ 46000.00 | |

**NOTE:** The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial _JWP_
_JPP_

Date _7-17-09_
_7-17-09_

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 4 for Privacy Act and Public Burden Statements.)

**FSA-2026**
(12-31-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name | | 2. State | 3. County |
|---|---|---|---|
| POTEET, TERRY W. & JUDY P. | | KENTUCKY | EDMONSON |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 20-31▓▓▓▓ | 44 | 06 | JULY 17, 2009 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments |
| | ☐ Subsequent loan  ☑ Rescheduling  ☐ Debt write down |
| | ☑ Consolidation  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* BOWLING GREEN, KY _____ or at such other place as the Government may later

designate in writing, the principal sum of *(b)* ONE HUNDRED EIGHTY-THREE THOUSAND FIVE HUNDRED NINETEEN AND

33/100'S------------------------------------ dollars *(c)* ($ 183,519.33-------------- , plus interest on

the unpaid principal balance at the **RATE** of *(d)* TWO AND ONE-QUARTER------------------------------------

percent *(e)* 2.25 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may
**CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* 15 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 14,551.00 | 07/01/2010 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $ 14,551.00 _____ thereafter on the *(e)* JULY 1ST _____ of each *(f)* YEAR _____ until the
principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* 15 _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial TWP   Date 3-17-09
JAP          7-17-09

FSA-2026 (12-31-07)                                                                                    Page 2 of 4

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-01 | $ 100,000.00 | 4.375 % | 01-22-2008 | TERRY W. & JUDY P. POTEET | 01-22-2009 |
| 44-02 | $ 80,000.00 | 4.375 % | 01-22-2008 | TERRY W. & JUDY P. POTEET | 01-22-2015 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial  *TWP*          Date  *7-17-09*
         *J.P.P.*             *7-17-09*

FSA-2026 (12-31-07)                                                                      Page 3 of 4

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.


TERRY W. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210


JUDY P. POTEET
1509 BEAVER DAM CHURCH RD.
BROWNSVILLE, KY 42210

FSA-2026 (12-31-07)

**24. RECORD OF ADVANCES**

| A. AMOUNT | B. DATE | A. AMOUNT | B DATE | A. AMOUNT | B. DATE |
|---|---|---|---|---|---|
| (1) $ | | (8)  $ | | (15) $ | |
| (2) $ | | (9)  $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C.  TOTAL: | $ | |

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law.  In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies.  Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated  to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Initial *IWP*
*JPP*

Date *7-17-09*
*7-17-09*

This form is available electronically.

Form Approved - OMB No. 0560-0238
*(See Page 7 for Privacy Act and Public Burden Statements)*

| FSA-2028 | U.S. DEPARTMENT OF AGRICULTURE | Position 1 |
|---|---|---|
| (12-31-07) | Farm Service Agency | |

### SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** dated *(a)* _____ **July 17, 2009** _____ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)* _____

  **TERRY W POTEET, JUDY P POTEET** _____

(Debtor), whose mailing address is (c) _____

  **1509 BEAVER DAM CHURCH RD, BROWNSVILLE, KY 42210-8502**

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE**, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _TWP_ Date _7-17-09_
_JPP_ _7-17-09_

**EXHIBIT E**

FSA-2028 (12-31-07)                                                                                          Page 2 of 7

(b)  All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are
     planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)*
     within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security
     Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted,
     to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and Direction<br>from Named Town or Other<br>Description |
|---|---|---|---|
| Terry and Judy Poteet | 193 | EDMONSON, KY | 5 Miles Southeast of Brownsville |
| Terry and Judy Poteet | 82 | EDMONSON, KY | 5 Miles Southeast of Brownsville |
| 3923 Terry and Judy Poteet | 1 | EDMONSON, KY | 5 Miles Southeast of Brownsville |
| 2016 Wayne Graham | 9 | EDMONSON, KY | 5 Miles SW of Brownsville |
| 2326 Kerry Browning | 22 | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3476 Becky Wingfield | 22 | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3817 New Grove Limited | 325 | EDMONSON, KY | 5 Miles SW of Brownsville |
| 3827 Benton Cowles | 63 | EDMONSON, KY | 5 Miles SW of Brownsville |
| 9447 James J Hogan | 75 | WARREN, KY | 8 Miles NE of Bowling Green |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all
payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas
existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds
derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _TWP_  Date _7-17-09_
· · · ·  _JPP_        7-17-09

FSA-2028 (12-31-07)

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other
items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all
replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located
in the State(s) of *(1)* ___Kentucky___ :

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Tractor | McCormick | MC100 | Good | | JJE2021513 |
| 2 | 1 | Loader | Quicke | Q940 | Good | | 7126541 |
| 3 | 1 | Baler | John Deere | 535 | Good | | E00535X990866 |
| 4 | 1 | Mixer Wagon | Jaylor | 4425 | Good | | T-14422756-K |
| 5 | 1 | Tractor | Case IH | MX 120 | Good | | JKA0109400 |
| 6 | 1 | Planter | United Farm Tools | 5000 | Good | | 1237 |
| 7 | 1 | Baler | John Deere | 241 | Fair | | |
| 8 | 1 | Trailer | Gooseneck | 20' | Good | 1994 | 16GSH6D20RB047266 |
| 9 | 1 | Rotary Mower | Woods | 9580 | Good | | 824003 |
| 10 | 1 | Disc Mower | New Idea | 5209 | Good | | |
| 11 | 1 | Disc | Panorama | 24' | Good | | |
| 12 | 1 | Mixer | Gehl | 125 | Good | | 16010 |
| 13 | 1 | Spreader | New Idea | 3732 | Good | | HR20137 |
| 14 | 1 | Rake | Vermeer | WRX12 | Good | | 1VRV3021563000537 |
| 15 | 1 | Wagon | Horst | LP 80 | Good | | 015132 |
| 16 | 1 | Utility Vehicle | Kubota | RTV900 | Good | | 31208 |
| 17 | 1 | Trailer | Oklahoma | 24' | Good | | 4Y4GF242WC000494 |
| 18 | 1 | Tractor | Kubota | M125A | Good | | 12757 |
| 19 | 1 | Loader | Kubota | LA1601S | Good | | A0283 |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or
timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _TWD_ Date _7-17-09_

_JPP_  _7-19-09_

**FSA-2028** (12-31-07)

Page 4 of 7

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*   Kentucky   :

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | 34 | Cattle - Beef - Breeding Cows - 900 lbs. To be purchased | Mixed | Mixed | | 3-4 | |
| 2 | 1 | Cattle - Beef - Breeding Bulls - 1500 lbs | Hereford | Red and White | | 3 | |
| 3 | 4 | Cattle - Beef - Breeding Bulls - 1400 lbs | Gelbvieh | Black | | 2-4 | |
| 4 | 145 | Cattle - Beef - Breeding Cows - 1100 lbs. | Mixed | Mixed | | 2-10 | |

Initial _TWP_ Date _7-17-09_

_JPP_    _7-17-09_

FSA-2028 (12-31-07)

(e)  All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

**ALL FEDERAL SUBSIDY ENTITLEMENTS IN WHATEVER FORM AND FROM WHATEVER SOURCE DERIVED, INCLUDING BUT NOT LIMITED TO ALL FSA, CCC, DAIRY TERMINIATION INSURANCE, PIK, COMMODITY CERTIFICATES AND SET-OFF PROCEEDS.**

### 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a)  Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and *(3)* other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)  Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)  Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)  Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)  Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)  Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)  All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)  In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _VWP_   Date _7-17-09_
_JPP_       _7-17-09_

FSA-2028 (12-31-07)                                                                                  Page 6 of 7

4. **IT IS FURTHER AGREED THAT:**

(a)  Until default, Debtor may retain possession of the collateral.

(b)  **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1)  Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2)  Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3)  A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c)  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d)  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e)  Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f)  Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g)  This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h)  If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _TWP_ Date _7-17-09_
      _JPP_        _7-17-09_

FSA-2028 (12-31-07)                                                                                  Page 7 of 7

    (i)    The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

    (j)    If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan.

    (k)    Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

    (l)    **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _(signature)_ TERRY W POTEET    7-17-09 _(Date)_    6B. _(signature)_ JUDY P POTEET    7-17-09 _(Date)_

Space provided for additional signatures:

NOTE: The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes *per* response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

## Revised Article 9 UCC Search

### UCC Search Results

| File amendment to this UCC | Return to search form |

| | |
|---|---|
| **File number:** | 2009-2399384-89 |
| **Filing date:** | 7/16/2009 10:08:18 AM |
| **Lapse date:** | 7/16/2019 10:08:18 AM |
| **Status:** | A - Active |

## ACTIONS

| Action | File Date | Status |
|---|---|---|
| Continuation | 5/6/2014 4:51:57 PM | Active - Filed online Sec party of record - Terry W. Poteet |
| Amendment - Delete Collateral | 12/16/2010 11:53:47 AM | Active - Filed online Sec party of record - USDA, Farm Service Agency |
| Initial financing Statement | 7/16/2009 10:08:18 AM | Active - Filed online |

## NAMES

| Debtor/Secured Party/Filer | Date Added | Address |
|---|---|---|
| Debtor Terry W. Poteet | 7/16/2009 10:08:18 AM | 1509 Beaver Dam Church Rd. Brownsville KY 42210 |
| Debtor Judy P. Poteet | 7/16/2009 10:08:18 AM | 1509 Beaver Dam Church Rd. Brownsville KY 42210 |
| Secured Party USDA, Farm Service Agency | 7/16/2009 10:08:18 AM | 925 Lovers Lane Bowling Green KY 42103-7140 |
| Filer USDA, Farm Service Agency | 7/16/2009 10:08:18 AM | 925 Lovers Lane Bowling Green KY 42103-7140 |
| Filer Bell, Orr, Ayers & Moore | 12/16/2010 11:53:47 AM | P.O. Box 738 Bowling Green KY 42102-0738 |
| Filer USDA, Farm Service Agency | 5/6/2014 4:51:57 PM | 925 Lovers Lane Bowling Green KY 42103-7140 |

## COLLATERAL DESCRIPTION

| Date Filed | Collateral Description |
|---|---|
| 12/16/2010 11:53:47 AM | The following equipment is hereby released and/or deleted as collateral hereunder: John Deere 535 Bailer, Serial/Model No.E00535X990866; United Farm Tools 5000 Planter, Serial/Model No. 1237; John Deere 241 Bailer; New Idea 5209 Disc Mower; Gehl 125 Mixer, Serial/Model No. 16010; Kubota M125A Tractor, Serial/Model No. 12757; Kubota LA1601S Loader, Serial/Model No. A0283 |

**EXHIBIT F**

| 7/16/2009 10:08:18 AM | This financing statement covers the following types or items of collateral, including proceeds, and products thereof: all crops, farm equipment and livestock. |
|---|---|

## IMAGES

| Document Type | PDF | Tiff Image | File Date | Pages |
|---|---|---|---|---|
| UCC Filing - Continuation | PDF | | 5/6/2014 4:51:57 PM | 1 |
| UCC Filing - Amendment | PDF | | 12/16/2010 11:53:47 AM | 1 |

**UCC FINANCING STATEMENT AMENDMENT**

Name and address of filer:

Bell, Orr, Ayers & Moore
P.O. Box 738
Bowling Green, KY 42102-0738

**2009-2399384-89.02**
Kentucky Secretary of State
File Date   12/16/2010 11:53:47 AM
Status   Active
Fee   $5.00

This document is a representation of a
filing made electronically at the
Kentucky Secretary of State's web site

INITIAL FINANCING STATEMENT FILE #   2009-2399384-89

Type of Amendment   **Collateral Change - Delete**

NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT

a. ORGANIZATION'S NAME
**USDA, Farm Service Agency**

| b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

4. This FINANCING STATEMENT covers the following collateral:

The following equipment is hereby released and/or deleted as collateral hereunder:  John Deere 535 Bailer, Serial/Model No.E00535X990866; United Farm Tools 5000 Planter, Serial/Model No. 1237; John Deere 241 Bailer; New Idea 5209 Disc Mower; Gehl 125 Mixer, Serial/Model No. 16010; Kubota M125A Tractor, Serial/ Model No. 12757; Kubota LA1601S Loader, Serial/Model No. A0283

# UCC FINANCING STATEMENT AMENDMENT

Name and address of filer:

USDA, Farm Service Agency
925 Lovers Lane
Bowling Green, KY 42103-7140

**2009-2399384-89.03**
**Kentucky Secretary of State**
File Date    5/6/2014 4:51:57 PM
Status       Active
Fee          $5.00

This document is a representation of a
filing made electronically at the
Kentucky Secretary of State's web site

INITIAL FINANCING STATEMENT FILE #

2009-2399384-89

Type of Amendment

Continuation

NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT

a. ORGANIZATION'S NAME

| b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Poteet | Terry | W. | |